UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS VALENTINO COLEMAN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:17 CV 882 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Movant Carlos Valentino Coleman seeks relief under 28 U.S.C. § 2255, arguing that one of the statutes to which he pleaded guilty, 18 U.S.C. §924(c), is unconstitutionally vague. Coleman argues that the same analysis that caused the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to be unconstitutionally vague as held by *Johnson v. United States*, 135 S.Ct. 2551 (2015), should also apply to his conviction for possessing a firearm during a drug trafficking crime under § 924(c). This argument is foreclosed by the *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) and so I will deny Coleman's motion.

Coleman was sentenced on June 16, 2016, to an aggregate term of 78 months' imprisonment following his guilty plea to three counts of a four-count superseding indictment. The sentence was 18 months on each of Counts II and III (possession with intent to distribute heroin and possession with intent to distribute

cocaine base) and a consecutive 60 months on Count III (possession of a firearm in furtherance of a drug trafficking offense). In exchange for his guilty plea to those three counts, the government dismissed Count I, which had charged him with being a felon in possession of a firearm. Case No. 4:15CR418 CDP. He did not appeal, but filed this motion challenging the constitutionality of the § 924(c) conviction.

First, Coleman was not sentenced for possessing a firearm in connection with a crime of violence, so the analysis of *Johnson*, which focused on the residual clause of the definition of "crime of violence" in § 924(e)(2)(B), simply has no application to Coleman's case. Second, in *United States v. Prickett*, the Eighth Circuit Court of Appeals considered an argument that the definition of "crime of violence" in 18 U.S.C. § 924(c) is void for vagueness. The Court rejected that argument, agreeing with several other Circuits to conclude that the statute was not unconstitutionally vague.

Coleman has no legal basis for relief and so I will deny his § 2255 motion. Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [1] is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Coleman's Criminal Case No. 4:15CR418 CDP.

A separate judgment in accord with this Order is entered in this case today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2017